

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

October 21, 1976

The Honorable B. L. DeBerry
Engineer-Director
State Department of Highways
    and Public Transportation
P. O. Box 5075
Austin, Texas   78763

Opinion No. H-886

Re:  Legal rate of interest
to judgment in an eminent
domain case when the con-
demnation award was prior
to the amendment to article
5069-1.05, V.T.C.S., and the
judgment was subsequent to
the amendment.

Dear Mr. DeBerry:

You have requested our opinion regarding the legal rate
of interest on a judgment in an eminent domain case.  The
condemnation award was made prior to September 1, 1975, which
is the date on which the statutory interest rate was increased
from 6 to 9 percent.  The judgment, however, was entered after
that date.

As an example, you describe a situation in which the
special commissioners filed an award of $5,625.00 on Sep-
tember 13, 1971.  On September 28, 1971, the State deposited
that amount into the registry of the court and took possession
of the land, as provided in article 3268, V.T.C.S.  Four
years later, the 64th Legislature amended article 5069-1.05,
V.T.C.S., increasing the statutory rate of interest from 6
to 9 percent, effective September 1, 1975.  Subsequently, by
a judgment dated January 9, 1976, a jury awarded the condemnee
an additional amount of $16,875.00.  You ask our advice as
to the legal rate of interest on that additional $16,875.00
between September 28, 1971, and January 9, 1976.

Initially, we observe that the condemnee is entitled to interest on the jury's additional award from the date the initial deposit is made until the date of judgment. City of Amarillo v. Attebury, 303 S.W.2d 804 (Tex. Civ. App. -- Amarillo 1957, no writ). In Watkins v. Junker, 40 S.W. 11 (Tex. Sup. 1897), which involved a breach of contract, the statutory interest was 8 percent at the time of the breach, but was subsequently lowered to 6 percent. The Supreme Court held that "the rate fixed by law should be applied while in force," Id. at 12, and ordered recovery at the lower rate from the date of the statutory change.

This view has recently been affirmed, with regard to amended article 5069-1.05, in Micrea, Inc. v. Eureka Life Insurance Co. of America, 534 S.W.2d 348, 359 (Tex. Civ. App. -- Fort Worth 1976, writ ref'd n.r.e.), and is in accord with the prevailing rule in most other jurisdictions. See e.g. Noe v. City of Chicago, 307 N.E.2d 376 (Ill. Sup. 1974); Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 37 P.2d 407 (Id. Sup. 1934); Yamamoto v. Costello, 342 N.Y.S.2d 33 (N.Y. Sup. 1973). Thus, in our opinion, the legal rate of interest on the $16,875.00 award is 6 percent per annum prior to September 1, 1975, the effective date of the statutory amendment, and 9 percent thereafter until paid.

### S U M M A R Y

The legal rate of interest to judgment in an eminent domain case is 6 percent per annum prior to September 1, 1975, the effective date of the amendment to article 5069-1.05, V.T.C.S., and 9 percent thereafter.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb